IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rachael Decker,<br>    Plaintiff<br><br>v.<br><br>United Collection Bureau, Inc.,<br>    Defendant | Docket 3:20-cv-02229-RDM<br><br>**JOINT MOTION TO EXTEND DISCOVERY**<br><br>(JUDGE ROBERT D. MARIANI) |

Plaintiff Rachel Decker ("Plaintiff") and Defendant United Collection Bureau, Inc. ("UCB"), by and through their undersigned counsel, move the Court for an Order extending the deadline to complete discovery by ninety (90) days, through and including July 24, 2023, showing the Court as follows:

1. Plaintiff filed the initial Complaint in Lackawanna County Court of Common Pleas on October 26, 2020.

2. UCB subsequently removed this matter to the United States District Court for the Middle District of Pennsylvania on November 30, 2020. [Dkt. 1].

3. Plaintiff filed an Amended Complaint on December 21, 2020. [Dkt. 5].

4. Plaintiff alleges that UCB's October 31, 2019 letter to her violated the FDCPA because its inclusion of the "Account Balance" and "Minimum Payment Due" was confusing and misleading.

5. UCB filed a Motion to Dismiss the Amended Complaint for failure to state a claim on January 4, 2021 [Dkt. 6], which is still pending.

1

6. Discovery is currently scheduled to close on April 24, 2023. [Dkt. 39].

7. The Parties have engaged in written discovery, but still need to conduct depositions.

8. On November 17, 2021, UCB filed for a protective order which states the process and procedure for designating discovery materials as confidential. [Dkt. 18]. This motion was denied as moot on March 17, 2022 [Dkt. 24], and Defendant was directed to submit any discovery dispute through letter, after which the Court would schedule a discovery conference.

9. On June 15, 2022, UCB filed a letter requesting that the Court enter into a protective order. [Dkt. 26]. Plaintiff opposed UCB's request and requested that the Court hold a discovery conference due to UCB's purported discovery misconduct. [Dkt. 27].

10. Notably, the protective order that UCB requested that the Court enter into contains provisions relating to designating deposition testimony confidential. [Dkt. 26]. No discovery conference has been scheduled by the Court, and no Order has been issued with respect to the discovery disputes.

11. Therefore, it is Defendant's position that it cannot proceed with depositions until the Court rules upon UCB's Motion for a Protective Order.

12. The parties previously filed a joint motion to extend discovery sixty days on December 16, 2021. [Dkt. 21]. The motion was granted by Court Order dated December 20, 2021. [Dkt. 22].

13. Subsequently, the parties filed a joint motion to extend discovery ninety days on March 16, 2022 [Dkt. 23] which was granted by Court Order dated March 17, 2022. [Dkt. 25].

14. Additionally, the parties filed a motion to extend discovery sixty days on June 27, 2022 [Dkt. 30] which was granted on June 28, 2022. [Dkt. 31].

15. The parties filed another motion to extend discovery sixty days on August 24, 2022 [Dkt. 33] which was granted by Order dated August 25, 2022. [Dkt. 34].

16. The parties filed another motion to extend discovery ninety days on October 24, 2022 [Dkt. 35] which was granted by Order dated October 26, 2022. [Dkt. 36].

17. Lastly, the parties filed a motion to extend discovery ninety days on January 23, 2023 [Dkt. 38] which was granted by Order dated January 24, 2023. [Dkt. 39].

18. In light of the foregoing, and in order to give the Court time to consider the discovery issues currently pending before it, the Parties have agreed to a ninety

(90) day extension of time to complete discovery, through and including July 24, 2023.

19. The parties additionally request that the deadline to file dispositive motions be extended accordingly until August 23, 2023.

20. Accordingly, the Parties submit that good cause exists for an extension, and respectfully request that the Court enter an Order extending the time to complete discovery.

21. This request is made in good faith and not for purposes of delay.

WHEREFORE, the undersigned counsel respectfully request that the Court: (i) enter the attached proposed Order extending the close of discovery, and (ii) grant such further relief that this Court deems to be appropriate and just.

Respectfully submitted this 17th day of April 2023.

| **FREEMAN LAW** | **GORDON & REES LLP** |
|---|---|
| */s/ Brett Freeman* | */s/ Peter G. Siachos* |
| Brett Freeman | Peter G. Siachos |
| Bar No.: 308834 | Bar No.: 318250 |
| Freeman Law | Gordon Rees Scully Mansukhani |
| 210 Montage Mountain Road | 18 Columbia Turnpike, Suite 220 |
| Moosic, PA 18507 | Florham Park, NJ 07932 |
| *Counsel for Plaintiff* | *Counsel for United Collection Bureau, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of April, 2023, served a copy of the foregoing upon all parties to this matter by electronically filing the same with the CM/ECF electronic filing system, which will cause a copy to be electronically served on all counsel of record.

**GORDON & REES, LLP**

*/s/ Peter G. Siachos*
Peter G. Siachos