THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RACHAEL DECKER     :
            :
    Plaintiff,    :
            :   **3:20-CV-2229**
v.          :   **(JUDGE MARIANI)**
            :
UNITED COLLECTION BUREAU, INC. :
            :
    Defendant.   :

FILED
SCRANTON

APR 2 1 2023

PER_____
DEPUTY CLERK

**ORDER**

The background of this Order is as follows:

On November 17, 2021, Defendant United Collection Bureau, Inc. filed a Motion for a Protective Order.  (Doc. 18.)  Plaintiff Rachael Decker filed a Brief in Opposition.  (Doc. 19.) On March 17, 2022, because Defendant's filing of its motion was not in accordance with this Court's Order of March 25, 2021 (Doc. 14) relating to the resolution of discovery disputes, the Court deemed Defendant's motion moot.  (Doc. 24.)

On June 15, 2022, Defendant filed a letter with the Court, requesting "the Court's assistance in entering a protective order." (Doc. 26 at 2.)  The next day, Plaintiff filed its own letter with the Court "regarding discovery misconduct . . . based on Defendant's failure to attend a deposition" noticed for June 15, 2022. (Doc. 27 at 1.)  Plaintiff requested "a conference call to obtain an order requiring Defendant to appear at a deposition, . . . an order requiring Defendant to pay the costs associated with Defendant's noncompliance, and for such other and further relief as the Court deems proper." (*Id.* at 3.)  The party's concerns are

related; according to Plaintiff's attached exhibit, Defendant had informed Plaintiff via email that it would not move forward with its 30(b)(6) deposition without a protective order in place. (*See* Doc. 27-1, Ex. B.) The Court notes, however, that Defendant filed nothing of record, in accordance with the Court's procedure for the resolution of discovery disputes, to request such protective order, until the day of the noticed deposition.

The Court ordered each party to file a response to the other's letter. (Doc. 28.) Plaintiff's letter in response states that (1) Plaintiff objects to the entry of a protective order; (2) Defendant has not met its burden of demonstrating good cause for a protective order because it makes only broad allegations of harm; and (3) Defendant's proposed order contains "numerous provisions which do not follow existing authority." (Doc. 29 at 1–2.) Plaintiff asks the Court to deny Defendant's request, but provides an alternative protective order for the Court's consideration, should one be "entered over Plaintiff's objection." (*Id.* at 2.)

Defendant's letter in response refutes Plaintiff's allegations of misconduct, noting that it "notified Plaintiff's Counsel [prior to the noticed deposition] of the position that [Defendant] had taken since November of 2021," *i.e.*, that it would not move forward with depositions without a protective order. (Doc. 32 at 2.) Defendant also states that Plaintiff's "thirty-two category Rule 30(b)(6) notice . . . exceed[s] the bounds of relevant discovery pursuant to the Federal Rules." (*Id.*) Defendant states that it previously objected to the notice, and that the parties conferred regarding this issue and agreed that Plaintiff would reply in writing to Defendant's letter wherein Defendant listed its objections. (*Id.* at 2, 9.) Defendant alleges that Plaintiff never

2

replied. (*Id.*)  Defendant concludes by "maintain[ing] its position that it cannot proceed with the Rule 30(b)(6) deposition until (1) a discovery confidentiality order is in place and (2) Plaintiff's 30(b)(6) notice is appropriately tailored to the needs of this case." (*Id.* at 2.)

With respect to the protective order, the Court agrees with Plaintiff.  As the Third Circuit has explained with respect to umbrella protective orders,

> A party seeking a protective order over discovery materials must demonstrate that "good cause" exists for the protection of that material. Fed. R. Civ. P. 26(c); [*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)]. "Good cause" is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. *Id.* Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice. *Id.*

*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).[1]

Defendant has not met its burden of demonstrating good cause because it has not articulated "specific examples" of harm it will face absent the entry of an umbrella protective order.  Defendant's correspondence states only that "disclosure of UCB's methods of collecting consumer accounts is confidential, proprietary information." (Doc. 26 at 2.)  This purported justification is general, conclusory, and overbroad, and therefore insufficient.

Even considering the arguments made in Defendant's formal motion and corresponding briefs, which this Court has deemed moot, Defendant has failed to show good cause.

---

[1] *Glenmede* also summarizes the seven factors set forth in *Pansy* that may be considered in evaluating whether "good cause" exists for the judicial endorsement of an umbrella protective order. *See* 56 F.3d at 483 (citing *Pansy*, 23 F.3d at 787–91).  However, because Defendant has articulated no specific injury, the Court does not reach those factors.

Nor does the Court reach Plaintiff's challenge to "numerous provisions [in Defendant's proposed order] which do not follow existing authority" (Doc. 29 at 1–2), because Defendant has not met its threshold burden of demonstrating good cause for a protective order.

Defendant's brief in support contains the same conclusory justification. (Doc. 18-1 at 7 ("The *Pansy* factors weigh in favor of affording UCB the protection it seeks because disclosure of UCB's methods of collecting consumer accounts is confidential, proprietary information.").) Defendant's brief in reply repeats that statement and adds another general assertion: "disclosure of this information could give competitors a view of UCB's operations and create a competitive disadvantage for UCB." (Doc. 20 at 4.)[2]

Moreover, the only Third Circuit caselaw Defendant cites to support this assertion is inapposite. In *Agrizap, Inc. v. Woodstream Corp.*, the Eastern District of Pennsylvania considered a Motion for a Protective Order in a dispute between two consumer product manufacturers in direct competition. *See* No. Civ-A. 04-3925, 2005 WL 1772675, *1 (E.D. Pa. 2005). The court concluded the defendant had established good cause for a protective order because the material to be disclosed "includes highly sensitive and confidential research, development and commercial information that would have a significant impact if disclosed to one of [defendant's] competitors." *Id.* at *2. The information included "trade secrets and information relating to the development of [defendant's] rival products," including "methods,

---

[2] While the Court considers the arguments made in Defendant's supporting briefs, it is worth noting that it need not, because Defendant's formal motion has been deemed moot for failure to follow this Court's established procedure for the resolution of discovery disputes, and because Defendant did not incorporate these arguments by reference into his correspondence regarding the dispute. (*See* Docs. 26, 32.) Furthermore, the Court need not consider arguments raised for the first time in a reply brief. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-CV-00658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) ("The purpose of a reply brief is to respond to arguments raised in an opposition brief, not to raise new arguments. . . . a moving party cannot support its motion with a sparse argument, wait for the non-moving party to note the sparseness of the argument, and then respond with a reply brief that sets forth the full argument that should have been made in the original supporting brief.").

4

testing protocols and design modifications for its products" and "documents relat[ing] to technical, financial, sales, pricing and marketing data" that would harm its position if disclosed to the plaintiff, its competitor. *Id.* at *1.

This case does not support Defendant's position. Defendant and Plaintiff are not competitors. Nor has Defendant made any showing that the information at issue is the type of highly sensitive, technical material that justified a protective order in *Agrizap*. *See id.* Accordingly, having failed to make the necessary showing of good cause, Defendant is not entitled to the entry of an umbrella protective order.

Still, Defendant is not without options. Each party is entitled to identify specific evidence, be it documentary or testimonial, that it believes to contain confidential information, and accordingly request a protective order on a case-by-case basis. Moreover, the parties remain free to stipulate to the terms of a protective order that is mutually agreeable.

With respect to the 30(b)(6) notice, the Court will not intervene at this juncture but will require Plaintiff to file a letter with the Court, providing her responses to Defendant's objections to certain topics of testimony (listed in Doc. 32 at 4–7).

**AND NOW, THIS** 21 **DAY OF APRIL, 2023, IT IS HEREBY ORDERED THAT:**

1. Defendant's request that the Court enter its proposed protective order, as set forth in Defendant's letter dated June 15, 2022 (Doc. 26), is **DENIED.**

2.  Plaintiff shall file with the Court her responses to Defendant's objections to certain topics of testimony in its 30(b)(6) deposition notice (listed in Doc. 32 at 4–7) within **seven (7) days** of the date of this Order.

3.  If the parties are unable to reach agreement as to (1) the terms of a confidentiality agreement that specifically identifies the "confidential information" to which a protective order should apply, or (2) appropriate topics of testimony for Defendant's 30(b)(6) deposition, then the same deposition must nonetheless go forward without a confidentiality order in place, with the understanding that to the extent questions are posed to the 30(b)(6) witness that Defense counsel believes invade a recognized privilege or are otherwise objectionable, Defense counsel may proceed as provided in Federal Rule of Civil Procedure 30(c)(2):

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

Robert D. Mariani
United States District Judge