

Brett M. Freeman
Attorney-at-Law

210 Montage Mountain Road
Moosic, PA 18507
(570) 589-0010

May 5, 2023

Honorable Robert D. Mariani
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Ave.
Scranton, PA 18503

*VIA CM/ECF ONLY*

>   RE:  Decker v. United Collection Bureau, Inc.
>        Docket No. 3:20-cv-2229-RDM
>        **Plaintiff's Responses to Defendant's Objections**

Dear Judge Mariani,

    I represent the Plaintiff in the above-referenced matter. Pursuant to the Court's order dated April 21, 2023, I am writing to provide responses to the objections that the Defendant has raised to Plaintiff's Rule 30(b)(6) deposition notice. While the parties did recently confer on these issues, the only issues which were resolved are the three topics Plaintiff has agreed to withdraw. Below please find Plaintiff's response to each objection.

**Topic 1** requests information about the type of investigation Defendant made into Plaintiff's complaint. Defendant asserts that this is an FDCPA case, not an FCRA case, and therefore its investigation is not relevant to the present matter. Plaintiff disagrees. Plaintiff is entitled to test the thoroughness of Defendant's investigation, and its preparedness for the deposition, to determine whether additional sources of information might exist. Furthermore, if Defendant claims ignorance of certain issues, such as the percentage of consumer debts it collects during a certain time-frame, then the details of Defendant's investigation would help Plaintiff determine whether Defendant truly does not know this information, or has chosen to not learn information which is available to it.

**Topic 3** is withdrawn.

**Topic 5** requests information about the general nature of Defendant's business. Defendant claims that the topic is entirely overbroad and fails to meet the particularly [sic] requirement of Fed. R. Civ. P. 30(b)(6)." Plaintiff's case is based on a violation of the FDCPA. One element Plaintiff needs to prove is that Defendant is a "debt collector." An entity fits the definition of a debt collector if its principal purpose is the collection of debts, or if it regularly collects debts owed or due to another. Topic 5 allows Plaintiff to determine if Defendant will satisfy this test.

**Topic 6** requests the specific marketing methods, practices, techniques and strategies used by Defendant in its business. Defendant objects that the "topic is not relevant to any claim or defense in this matter and not proportional to the needs the [sic] case." This topic is relevant to determining whether Defendant has reason to believe that the accounts it collects are consumer debts. For example, if Defendant holds itself out as only having experience in collecting business debts, then it would be unlikely that it has been referred a significant percentage of consumer accounts. On the other hand, if Defendant holds itself out as having significant experience in collecting consumer accounts, then it is likely that it receives a large portion of consumer accounts. The type of debt is relevant to determining if Defendant is a debt collector under the FDCPA, and the type of business Defendant solicits is certainly worthy of exploration.

**Topic 7** is withdrawn.

**Topic 10** requests identifying information of all persons who participated in the designing and creation of the collection letters and notices sent to Plaintiff. Defendant objects that the "topic is not relevant to any claim or defense in this matter and not proportion to the needs the [sic] case." This topic is designed to seek the identity of other potential witnesses in this matter. Defendant's decision-making process will be relevant to determining the amount of statutory damages that

should be awarded if Plaintiff is successful in this action. The statute sets forth factors for the Court to consider when determining statutory damages, one of which is "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692b(1). Furthermore, the information requested in this topic will help identify these additional sources of information.

**Topic 12** is withdrawn.

**Topics 13-16** request information related to UCB's answer.[1] Defendant objects that the "topics are entirely overbroad and fails to meet the particularly [sic] requirement of Fed. R. Civ. P. 30(b)(6). Moreover, UCB has not filed an Answer in this matter, and thus the corporate designee cannot testify as to the contents of any answer." It is true that as of the filing of this document Defendant has not filed an answer. These topics were included in the event that an answer is filed prior to the deposition, and it would be premature to analyze the topics at this point. Of course, if no answer is filed, Plaintiff will not seek testimony on these topics. On the other hand, if an answer is filed, Plaintiff will likely need to explore the defenses and denials raised in that answer. Plaintiff does not believe that the topics would be overbroad or failing to meet the particularity requirement of the rules. Rather, she has specifically set forth the items of any answer that she would like to discuss, and believes that a discussion regarding these topics would be more appropriate if an answer is filed before the deposition.

**Topic 19** requests information about other formal complaints, BBB complaints, lawsuits, or other regulatory actions or other types of proceedings connected with Defendant's business in the period of three years before the case was filed to the present. Defendant objects that the "topic is overbroad, is not reasonably limited in time or scope, and

---

[1] Specifically, these topics request information related to the factual basis regarding the answer (Topic 13), information regarding each affirmative defense raised by Defendant (Topic 14), more detailed information regarding any bona fide error defense raised by Defendant (Topic 15), and information related to each denial of fact (Topic 16).

3

disproportionate to the needs of this case." Plaintiff disagrees with Defendant's objection. First, this topic is limited to matters that would have involved Defendant, so Defendant should already know about any responsive items. Thus, the burden associated with responding should be low. Furthermore, Defendant has contested nearly every issue in this case, including the fact that it is a debt collector. And, other lawsuits or actions filed against it may have resulted in a formal determination that Defendant does satisfy the definition of a debt collector, or that the claim asserted in this matter has violated the law. Plaintiff is entitled to discover that information to help pursue her claim. Additionally, the frequency of complaints for this same conduct would be relevant to the statutory damage determination, as one factor for statutory damages is the "frequency and persistence of noncompliance by the debt collector . . . ." 15 U.S.C § 1692k(b)(1).

      Thank you for your time and consideration to this matter. It is my hope that the parties will be able to complete the deposition without need of further intervention by the Court.

      Sincerely yours,

      *s/ Brett M. Freeman*

      Brett M. Freeman

cc: Counsel of Record (*via CM/ECF only*)