THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RACHAEL DECKER,                        :
                                       :
              Plaintiff,               :
      v.                               :      3:20-CV-02229
                                       :      (JUDGE MARIANI)
UNITED COLLECTION BUREAU, INC.,        :
                                       :
              Defendant.               :

## MEMORANDUM OPINION

### I. INTRODUCTION

Rachael Decker ("Plaintiff") brings this action pursuant to the Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), alleging that Defendant United

Collection Bureau, Inc. ("UCB") employed deceptive means in attempting to collect on a

debt. (Doc. 5 ¶ 35.) UCB has moved to dismiss this action pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6). (Doc. 4.) Following the filing of Plaintiff's amended complaint

(Doc. 5), UCB filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6). (Doc. 6.) For the reasons discussed below, UCB's motion to dismiss (Doc. 6) will

be granted.

### II. BACKGROUND

On December 21, 2020, Plaintiff filed an amended complaint (Doc. 5) against UCB

seeking damages, costs, and attorney fees because of Defendant's alleged violation of the

FDCPA. (*Id.*) Plaintiff argues that UCB's October 31, 2019, debt collection letter sent to her violated § 1692e of the FDCPA. (*Id.*)

Plaintiff alleges that, because the Letter included both an "Account Balance" and "Minimum Payment Due," along with a paragraph regarding the accrual of interest that could be viewed as suggesting either the entire "Account Balance" or "Minimum Payment Due" was the current debt, the Letter was confusing, and the "least sophisticated consumer" would be misled by the Letter in not understanding what amount of debt is presently due. (Doc. 5 ¶¶ 21-35.) At the top of the Letter, an "Account Balance" of $2,875.54 and a "Minimum Payment Due" of $579.00 are listed. (Doc. 5-1.) Below these amounts, the Letter states:

> Dear RACHAEL A DECKER:
>
> This communication is in regard to your SEARS CARD account.
>
> Unless you dispute the validity of this debt or any portion thereof, please make your payment of at least the minimum payment due. Please make your payments to Citibank at the remit address below or call our office for arrangements.
>
> As of the date of this letter, you owe the above stated Account Balance. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.

(*Id.*)

Plaintiff alleges that the last paragraph in the above statement explaining the possibility that interest is accruing was confusing as to what amount that interest was accruing on and whether the "Account Balance" or "Minimum Payment Due" was the amount of the debt. (*Id*.) For the reasons explained below, the Court will grant UCB's motion to dismiss. (Doc. 6.)

### III. LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must assert "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, ... a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but ... disregard[s] legal conclusions and threadbare recitals of the elements of a

3

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

In considering a Rule 12(b)(6) motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically

attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288

F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record

in determining a motion to dismiss under Rule 12(b)(6). *See Jordan v. Fox, Rothschild,*

*O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. ANALYSIS

Defendant moves to dismiss this case pursuant to Rule 12(b)(6) for a failure to state

a claim upon which relief can be granted, arguing that the Letter clearly conveys the amount

of the debt owed and is not confusing or deceptive. (Doc. 6.) Plaintiff alleges that the Letter

could be viewed as confusing and misleading as to the two distinct amounts indicated on

the Letter when considering the paragraph regarding the accrual of interest. (Doc. 5.) For

the reasons set forth below, the Court finds that Plaintiff does not allege a plausible cause of

action and agrees with Defendant's arguments in favor of dismissal.

The FDCPA, 15 U.S.C. § 1692(g), stipulates that "the amount of the debt" must be

provided through written notice to the consumer:

(a) Notice of debt;

> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless
> the following information is contained in the initial communication or the
> consumer has paid the debt, send the consumer a written notice
> containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692(g)(1).

Additionally, a debt collector cannot deceive, mislead, or make false representations

in the practice of collecting debt:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

....

(2) The false representation of--
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692(e).

The determination as to whether "the amount of the debt" has been properly

communicated to a debtor under the FDCPA is evaluated under the "least sophisticated

consumer" standard. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

Whether language in a collection letter violates the "least sophisticated consumer" standard

is a question of law. *Id.* at 353. In some circumstances, determining whether the least

sophisticated debtor would plausibly be misled by such a communication may be resolved

in a Rule 12(b)(6) motion. *Smith v. Lyons, Doughty & Velduius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008).

The relevant question is whether the "least sophisticated consumer" would be confused or misled by the debt collector's letter. *Id.* The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* The least sophisticated debtor standard, although deferential to consumers, is not intended to allow for "liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* Plaintiffs who rely on "unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008) (quoting 15 U.S.C. 1692(e)).

The Third Circuit has affirmatively referenced the Second Circuit's conclusion in *Russell v. Equifax A.R.S.* that a debt collection letter can be found to be misleading or deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *See Wilson*, 225 F.3d at 354 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). To avoid misleading the least sophisticated debtor, the Third Circuit has indicated that debt collectors have an obligation to put debtors on notice that interest may be accruing on their debt. In *Dotson v. Nationwide Credit, Inc.*, the Third Circuit

affirmatively cited to other Circuit decisions that have held that debt collectors must put

debtors on notice that the amount owed may change due to the accrual of interest:

> Dotson argues that the Account Balance language did not accurately convey the amount of the debt disclosed because, although the amount stated was indeed the amount Dotson owed to Chase, the language "as of the date of this letter" could confuse a consumer into believing that the amount of debt could change when in fact it was static. Not so. As the District Court concluded, that language "actually guards against potential confusion about the amount owed by clearly specifying the date on which the debt was calculated, preventing any misunderstanding that could arise if, for example, a payment crossed in the mail with the collection letter." (App. at 7.) Other courts have found similar language does not violate § 1692g. *See Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) ("[I]f a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will ... [not] fail to state accurately the amount of the debt under Section 1692g. If instead the notice contains no mention of interest or fees, and they are accruing, then the notice will run afoul of the requirements of ... Section 1692g"); *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) (providing "safe harbor" language for debt collectors including providing the account balance as of a certain date). The Account Balance language appropriately and accurately conveyed the amount of the debt under § 1692g.

*Dotson v. Nationwide Credit, Inc.*, 828 F. App'x 150, 152–53 (3d Cir. 2020).

As positively referenced in *Dotson*, other Circuit Courts have enacted "safe harbor"

provisions that insulate debt collectors from liability in some instances if they use the

statement at issue in this case to put debtors on notice that their debt may change due to

interest and other charges:

> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the

amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number]." A debt collector who uses this form will not violate the "amount of the debt" provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation). *E.g., Marshall–Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000); *Bartlett v. Heibl,* supra, 128 F.3d at 500.

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

District Courts in the Middle District of Pennsylvania have followed the premise that, without disclosure, a letter that does not contain some notice that interest may be accruing violates the FDCPA. *See Lukawski v. Client Servs., Inc.,* No. 3:12-CV-02082, 2013 WL 4647482, at *3 (M.D. Pa. Aug. 29, 2013). Disclosures as to the possibility that interest may be accruing cannot obscure or undermine the underlying obligation on the part of debt collectors to clearly provide the amount of debt owed. *See* 15 U.S.C. § 1692(g)(1).

The Third Circuit has accordingly outlined the requirement on the part of debt collectors to clearly convey the amount of debt owed under 15 U.S.C. § 1692(g)(1).

[T]he statute requires only that the debt collector's notice to the consumer contain, *inter alia*, "the amount of the debt," the "character, amount, or legal status" of which is not falsely represented. 15 U.S.C. §§ 1692g(a)(1), 1692e(2)(A). The word "amount" indicates a total number, quantity, aggregate, or sum. *See* Amount, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976) (defining "amount" as "1a: the total number or quantity ... aggregate ... 1b: the sum of individuals ... 1c: the quantity at hand or under consideration ... accounting: a principal sum and the interest on it"). The word "debt," as defined in the FDCPA, indicates an obligation to pay money. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction"). The "amount of the debt,"

then, indicates the total, aggregate, sum, or quantity of money that the consumer is obligated to pay, including an amount that may include both the principal and interest thereon.

*Velez-Aguilar v. Sequium Asset Sols. LLC Inc.*, No. 22-1109, 2023 WL 1793885, at *2 (3d Cir. Feb. 7, 2023).

Courts in the Third Circuit have examined "safe harbor" provisions approvingly and have accepted varying terminology in those provisions as being compliant with the FDCPA. In *Hirschman v. DCM Services, LLC*, the United States District Court for New Jersey granted a defendant debt collector's motion to dismiss, finding that the "safe harbor" language provided in the Seventh Circuit's *Miller* decision adequately states the amount due and why it may change:

> Like the *Miller* "safe harbor" language, the Balance Language here states the amount due and explains why it may change, including adjustments in Plaintiff's favor lowering the balance. Indeed, the Language augments the Miller language by assuming an affirmative obligation to inform Plaintiff of any balance adjustments:
>
> > As of the date of this letter, the Estate owes an unpaid balance of $5079.38. Please note that the unpaid balance may change based on insurance payments or adjustments or other invoices not yet billed. We will inform you of any balance adjustments.
>
> Courts have held that similar language does not violate § 1692g. For example, in *Dotson*, the Third Circuit panel rejected the plaintiff's argument that language qualifying the balance "as of the date of this letter" could confuse a consumer into believing that the amount of debt could change. 828 F. App'x at 152. Indeed, Plaintiff concedes that other judges of this Court found that similar notices did not violate § 1692g(a)(1). DE 22 at 16; *Akegnan v. Trinity Fin. Servs., LLC,* No. CV22015761, 2021 WL 5984896, at *1 (D.N.J. Dec. 6, 2021) ("the total amount of the debt is $259,392.55 as of NOVEMBER 25, 2019" and further advising that "additional interest and fees may have accrued since

NOVEMBER 25, 2019, thereby increasing the amount of the debt") did not violate § 1692g(a)(1); *Rock v. Greenspoon Marder, LLP*, No. 20-CV-3522, 2021 WL 248859, at *7 (D.N.J. Jan. 26, 2021) ("as the date of this letter, the total amount of the debt that you owe is $128,655.61. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.").

Likewise, conditional language adding that "[a]mounts may increase or decrease due to application of payments and/or adjustments. Please call ... for a payoff amount" was also held not to violate § 1692g. *Echols v. Premiere Credit of N. Am., LLC*, No. CV 19-4125, 2021 WL 426737, at *1 (E.D. Pa. Feb. 8, 2021) (granting motion to dismiss), reconsideration denied, No. CV 19-4125, 2021 WL 5444771 (E.D. Pa. Mar. 9, 2021), and appeal dismissed sub nom. *Echols v. Premiere Credit of N. Ameri*, No. 21-1534, 2021 WL 7617722 (3d Cir. Oct. 21, 2021).

Indeed, language more confusing than the Balance Language here has been permitted. *Hopkins v. Advanced Call Ctr. Techs., LLC*, No. CV2006733KMESK, 2021 WL 1291736, at *2 (D.N.J. Apr. 7, 2021) (holding that "the least sophisticated consumer" would understand the difference between the "balance" and the "amount 'now due' " until the next bill arrives); *Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-CV-1484, 2019 WL 3766564, at *1, 5 (E.D. Wis. Aug. 9, 2019) (permitting the following: "Your Total Account Balance and Amount Now Due on the day you pay may be greater than the amounts listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement.").

*Hirschman v. DCM Servs., LLC*, No. 21CV19251 (EP) (JRA), 2022 WL 3339476, at *3

(D.N.J. Aug. 11, 2022).

Additionally, courts in the Third Circuit have found that "safe harbor" provisions that

use "account balance" terminology that varies sentence-to-sentence do not violate the

FDCPA due to that varying terminology. The Court in *Hirschman* cited to *Rock v.*

*Greenspoon Marder, LLP*, where the parties did not dispute that the varying references to

the debt in this "safe harbor" provision were acceptable:

> As of the date of this letter, the total amount of the debt that you owe is $128,655.61. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after the Creditor receives your check or payment....

*Rock v. Greenspoon Marder, LLP*, No. 20-CV-3522, 2021 WL 248859, at *1 (D.N.J. Jan. 26,

2021). In granting the defendant's motion to dismiss on these grounds, the District Court in

*Rock* determined that:

> While not yet addressed by the Third Circuit, the safe harbor language has been adopted by other courts. *See Avila v. Riexinger & Assocs.*, LLC, 817 F.3d 72, 76 (2d Cir. 2016) (adopting the safe harbor approach set forth in *Miller*). Outside of arguing that Miller is not binding authority, Plaintiff here fails to meaningfully distinguish the case. Finally, unlike *Grubb*, Plaintiff did not receive conflicting debt collection letters. Thus, Greenspoon utilized the Safe Harbor language in the Letter under appropriate circumstances. Plaintiff does not allege that the amount listed in the Letter is incorrect; that Greenspoon could not actually assess interest, late charges, or other charges; or that other language in the letter made the Safe Harbor language false or misleading.

*Rock*, 2021 WL 248859, at *7.

In circumstances where there are two distinct amounts owed through the amount

currently due and the total balance on a credit card, courts in the Third Circuit have found

such letters to be compliant with the FDCPA. In *Hopkins v. Advanced Call Center

Technologies*, Plaintiff Randy Hopkins received a debt collection letter from Advanced Call

Center Technologies, LLC, stating that Hopkins had a "Total Account Balance" of $347.48

and "Amount Now Due" of $175.00. *Hopkins v. Advanced Call Ctr. Techs., LLC*, No.

CV2006733KMESK, 2021 WL 1291736, at *1 (D.N.J. Apr. 7, 2021). The District Court in

New Jersey found that the letter sufficiently identified the amount of the debt:

> The Letter here distinguishes between the "total account balance" and the "amount due now" along those lines. They are listed separately. *See Fiorarancio v. Zwicker & Assocs., P.C.*, Civ. No. 18-12793, 2019 U.S. Dist. LEXIS 96099 (D.N.J. June 6, 2019) (letter conveyed amount of debt when it stated total balance and amount owed separately). What is more, the Letter makes clear that what the customer must pay now is only the "amount due now," because it says, "[i]f the Amount Now Due is paid to Synchrony Bank and your account is brought up to date, we will stop our collection activity." (Ltr.) So, as Judge Vasquez and the Seventh Circuit explained, the Letter makes explicit what the function of the "amount due now" is. Moreover, this is an attempt to collect a credit-card debt, and credit card owners are used to seeing bills or statements that reflect an amount currently due and a larger account balance. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) ("'[T]he least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world ...." (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993))); *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 402 (E.D. Pa. 2008) (same). Indeed, other courts have reviewed this exact letter format and found no FDCPA violation. E.g., *Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-CV-1484, 2019 WL 3766564, at *7 (E.D. Wis. Aug. 9, 2019). Thus, the Letter adequately conveys the amount of the debt to the least sophisticated debtor.

*Hopkins*, 2021 WL 1291736, at *3.

This Circuit has held that there is a plausible violation of § 1692(e) where the

language regarding the amount of the debt could reasonably be interpreted two ways so as

to be deceptive. In *Huber v. Simon's Agency, Inc.*, the Third Circuit concluded that the listing

of an "Amount" and "Various Other Accounts Total Balance" could be reasonably interpreted

in two ways:

> Here, the District Court correctly observed that the "Account Summary" in SAI's form letter could be reasonably interpreted in two ways because, without further

explanation, it sets out both an "Amount" and "Various Other Accounts Total Balance." App. 7, 17. Thus, a least sophisticated debtor could read the latter as "Various Other Accounts Total Balance," meaning the sum total of her outstanding debt, including the "Amount." Alternatively, a least sophisticated debtor could read it as "Various Other Accounts Total Balance," meaning she owes that figure in addition to the "Amount." So as SAI itself acknowledges, "[i]n a vacuum, the Letter could reasonably be read to have the two meanings ascribed by the District Court," Opening Br. 30, and "one of [them] is inaccurate," Moyer, 991 F.3d at 470 (quotation omitted). That is the very definition of a "deceptive" communication, in violation of § 1692e.

*Huber v. Simon's Agency, Inc.*, No. 22-2483, 2023 WL 6629836, at *9 (3d Cir. Oct. 12, 2023).

Here, Defendant argues in its Motion to Dismiss that it adequately provided Plaintiff with a straightforward and FDCPA-compliant Letter and that Plaintiff's fails to allege a plausible violation of 15 U.S.C. § 1692(e). (Doc. 6.) Plaintiff alleges that the two amounts listed in the Letter could plausibly be viewed as confusing and misleading to the least sophisticated consumer when placed in the context of the accrual of interest text in the Letter. (Doc. 9 at 6.) Defendant rebuts this allegation by contending that the amounts are clearly described and would not be confusing to the least sophisticated consumer. (Doc. 6 at 7-8.) The Court finds that Plaintiff fails to sufficiently allege a plausible claim surrounding this allegation.

Because the Letter at issue is attached to the Amended Complaint as an exhibit (Doc. 5-1), the Letter will be considered in evaluating Defendant's Motion to Dismiss. *See Sands*, 502 F.3d at 268. In the Letter, UCB provided both the "Account Balance" and "Minimum Payment Due," putting Plaintiff on notice as to both the minimum payment she

could presently make and the total amount that she owed. (Doc. 5-1.) The Letter then

requests Plaintiff to "please make your payment of at least the minimum payment due." (*Id.*)

The paragraph immediately following this request tracks the language of "safe harbor"

provisions offered by the Second and Seventh Circuits that are intended to put a debtor on

notice that interest and other charges may cause the amount a debtor pays to vary day-to-

day. *See Miller*, 214 F.3d at 876.

      The Court notes that it is acceptable under the FDCPA to provide both a total

account balance and a minimum payment due to offer detailed information to a debtor

surrounding the status of their debt. *See Hopkins*, 2021 WL 1291736, at *3; *see also Blair v.

Fed. Pac. Credit Co., LLC,* 563 F. Supp. 3d 347, 352 (D.N.J. 2021). The Court also

recognizes that courts in this Circuit have affirmatively referenced "safe harbor" provisions

like the one provided in Defendant's debt collection letter that relate to accruing interest.

*See Rock*, 2021 WL 248859, at *7; *Hirschman v. DCM Servs., LLC*, 2022 WL 3339476, at

*3. Therefore, Defendant is correct to point out that providing the "safe harbor" provision as

well as listing both the "Account Balance" and the "Minimum Payment Due" is compliant

with the FDCPA. (Doc. 6 at 6-7.)

      Nonetheless, Plaintiff attempts to argue that *both* portions of the Letter, taken

together, raise a plausible violation of § 1692(e). (Doc. 5 ¶¶ 21-35.) This argument is without

merit, because, for the reasons stated above, simply providing an "Account Balance" and a

"Minimum Payment Due" is both a necessary and common component in the issuance of

credit card collection letters. As the District Court in *Hopkins* addressed, "this is an attempt to collect a credit-card debt, and credit card owners are used to seeing bills or statements that reflect an amount currently due and a larger account balance." *Hopkins*, 2021 WL 1291736, at *3. The mere fact that there is a statement regarding the accrual of interest on the "Account Balance" does not add ambiguity to an otherwise clear statement of the "Minimum Payment Due," which is clearly listed at the top of the letter and is addressed again when the letter requests that Plaintiff "please make your payment of at least the minimum payment due" immediately preceding the statement regarding interest. (Doc. 5-1.)

Although the paragraph regarding the accrual of interest first refers to the "Account Balance" in its initial sentence, then refers to the total balance as the "amount due," this variation in language, cabined as it is in a paragraph separate from the "Minimum Payment Due" statement, does not add sufficient ambiguity such that a least sophisticated consumer would be confused about their current obligation to pay the "Minimum Payment Due." Indeed, other Courts in this Circuit have not found any reason to hold that such varying terminology in a "safe harbor" provision violates the FDCPA. *See Rock*, 2021 WL 248859, at *1. Despite this varying terminology in reference to the "Account Balance" throughout the paragraph regarding the accrual of interest, the Letter clearly conveys the amount of the debt to the least sophisticated debtor.

The Court concludes that the Letter could not plausibly cause confusion to the least sophisticated consumer as to whether the "Account Balance" or the "Minimum Payment

Due" is currently owed. The Letter is abundantly clear that the UCB is presently attempting to collect the "Minimum Payment Due." The Court finds that Plaintiff has not sufficiently alleged a plausible claim that warrants a denial of Defendant's motion to dismiss. (Doc. 6.)

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.[1] (Doc. 6.) A separate Order follows.

Robert D. Mariani
United States District Judge

---

[1] A district court must extend a plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because an amendment would be futile in this case, the Court will dismiss this complaint with prejudice.